

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00239-CV

**AMERICAN MEDICAL HOME HEALTH SERVICES, LLC**, Hub City Home Health, Inc. d/b/a American Medical Home Health Services, American Medical Home Health Services San Antonio, LLC, American Medical Hospice Care, LLC, American Medical Palliative Support, LLC, Magdalena (Maggie) Clemente, Rene Estrada, and Gina Trevino,
Appellants

v.

**LEGACY HOME HEALTH AGENCY, INC.** and Legacy Home Care Services, Inc. d/b/a All Seasons Home Care, Inc.,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-09053
Honorable Monique Diaz, Judge Presiding

PER CURIAM

Sitting:       Beth Watkins, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: June 29, 2022

DISMISSED FOR WANT OF JURISDICTION; MOTION TO CONSOLIDATE DENIED AS MOOT

In this second appeal arising from the underlying proceedings, appellants seek to appeal three interlocutory orders signed by the Honorable Monique Diaz on April 4, 2022: (1) an order granting plaintiffs' motion for continuance, for entry of a modified scheduling order, and to extend pending temporary injunctions; (2) an order extending a June 4, 2020 agreed temporary injunction; and (3) an order extending a November 30, 2020 modified temporary injunction.

An appeal may be taken from a final judgment disposing of all legal issues between all parties or an appealable interlocutory order allowed by statute. *Jack B. Anglin Co. Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a). An order granting a motion for continuance or for entry of a modified scheduling order is not a final judgment, nor is it an appealable interlocutory order. *See Lee v. Haynes & Boone, LLP*, No. 05-03-00270-CV, 2003 WL 1650090, at *1 (Tex. App.—Dallas Mar. 31, 2003, no pet.) (mem. op.) (per curiam). But a party may appeal from an interlocutory order of the trial court that "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). "Texas courts have construed this provision to allow interlocutory review of an order making a substantive modification to a temporary injunction." *Am. Med. Home Health Servs., LLC v. Legacy Home Health Agency, Inc.*, No. 04-20-00494-CV, 2022 WL 946521, at *11 (Tex. App.—San Antonio Mar. 30, 2022, no pet. h.) (mem. op.).

Because the trial court's orders extending the injunctions did not appear to make substantive modifications of the previous injunctions, we ordered appellants to show cause as to why this appeal should not be dismissed for lack of jurisdiction. On May 31, 2022, appellants filed a response arguing we should exercise jurisdiction over the orders extending the previous injunctions, as well as an opposed motion to consolidate this appeal with Cause Number 04-20-00494-CV, in which appellants have filed a motion for rehearing and rehearing en banc. Appellants argue in their response, as they did in the prior appeal, that this court has jurisdiction under section 51.014(a)(4) because the trial court made substantive modifications of the previous injunctions by extending the injunctions beyond the one-year non-compete periods. This court rejected that argument in the prior appeal:

> [T]he trial court's orders extending the injunctions referred back to all of the substantive findings in the First and Second Modified Injunctions. The only change made was to extend the injunctions' duration until the new trial setting.
>
> We conclude the trial court's orders extending the injunctions made no substantive modification of the previous injunctions. *See City of Lancaster v. Tex. Motor Transp. Ass'n, Inc.*, No. 05-05-00169-CV, 2005 WL 2303415, at *1 (Tex. App.—Dallas Sept. 22, 2005, no pet.) (order extending temporary injunction did not make any substantive changes when the only change was to extend injunction's duration until new trial setting). Accordingly, the orders fall outside the ambit of Section 51.014(a)(4), and we have no jurisdiction to review them. *Id*.; TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4).

*Id.* Under horizontal stare decisis, "three-judge panels must follow materially indistinguishable decisions of earlier panels of the same court unless a higher authority has superseded that prior decision." *Mitschke v. Borromeo*, ___ S.W.3d ___, No. 21-0326, 2022 WL 1510317, at *3 (Tex. May 13, 2022). We therefore dismiss appellants' appeal of the orders extending the previous injunctions for lack of jurisdiction. Because the court has previously denied the joint motion for rehearing and motion for en banc reconsideration appellants filed in Cause Number 04-20-00494-CV, we deny appellants' motion to consolidate this appeal with Cause Number 04-20-00494-CV as moot.

PER CURIAM